**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAKINA ORTEGA, individually, and as successor of interest of Victor Ortega, deceased; et al., <br><br>           Plaintiffs-Appellees, <br><br>   v. <br><br> SAN DIEGO POLICE DEPARTMENT, a public entity, <br><br>           Defendant, <br><br> CITY OF SAN DIEGO, a public entity and DOES, 1-10, <br><br>           Defendants, <br><br>  and <br><br> JONATHAN MCCARTHY, an individual, <br><br>           Defendant-Appellant. | No. 14-56824 <br><br> D.C. No. 3:13-cv-00087-LAB-JMA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry Alan Burns, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted October 19, 2016
Pasadena, California

Before: TALLMAN, PARKER,[**] and CHRISTEN, Circuit Judges.

On the morning of June 4, 2012, Officer Jonathan McCarthy shot and killed Victor Ortega while attempting to take Ortega into custody. Ortega's surviving family members brought a lawsuit against McCarthy, asserting violations of Ortega's Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983. McCarthy moved for summary judgment based on qualified immunity. The district court denied qualified immunity for both the Fourth and Fourteenth Amendment claims, and McCarthy appeals. We have jurisdiction to decide the questions of law, including the materiality of disputed facts, presented by this appeal. *See* 28 U.S.C. § 1291; *Behrens v. Pelletier*, 516 U.S. 299, 312-13 (1996); *George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013). We review questions of law de novo. *Rodis v. City & Cty. of San Francisco*, 558 F.3d 964, 968 (9th Cir. 2009). For the following reasons, we affirm.

1.      The district court correctly applied *Cruz v. City of Anaheim*, 765 F.3d 1076 (9th Cir. 2014). In cases of officer-involved deadly shootings in which the officer

---

[**]      The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

2

and decedent are the only witnesses, courts must "carefully examine all the evidence in the record . . . to determine whether the officer's story is internally consistent and consistent with other known facts." *Id.* at 1079 (alteration in original) (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994)). The district court examined McCarthy's account of events for material inconsistencies and compared his version of the shooting with other evidence. The district court properly concluded that there were material inconsistencies that could lead a reasonable jury to find in favor of the plaintiffs. *See Cruz*, 765 F.3d at 1080.

2. The district court correctly found that the disputed facts are material to whether a violation of a clearly established right occurred. Depending on how a jury resolves the disputed facts, a jury could conclude that: (1) McCarthy shot Ortega while he posed no threat to the officer; and/or (2) McCarthy acted with "a purpose to cause harm unrelated to the legitimate object of arrest." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 836 (1998). Either scenario would constitute violation of a right "that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v.Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012)). A jury could also find to the contrary and determine the use of deadly force was permissible. Therefore, McCarthy is not entitled to qualified immunity for the

3

alleged Fourth Amendment and Fourteenth Amendment violations at this stage of litigation.

**AFFIRMED.**